

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 13, 1957

Hon. Glyndon M. Hague
County Attorney
Cleburne, Texas

Opinion No. WW-308

Re: Does the Tax Assessor-
Collector for Johnson
County have the proper
authority to assess and
collect taxes for the
Johnson County Rural Fire
Prevention District estab-
lished under the Rural Fire
Prevention Districts Act,
Vernon's Annotated Civil
Statutes, Article 2531a-6?

Dear Mr. Hague:

You request the opinion of this office upon several
questions involved in the above-captioned matter. Your
questions are as follows:

1. Does this office (Tax Assessor-
Collector) have proper authority
to assess and collect this tax
in Johnson County, Texas?"

2. "May it be assessed and collected
on real property? personal property?
tangible property? intangible proper-
ties?, said properties being within
the boundaries of Johnson County."

3. "If the tax as levied is not paid
and becomes delinquent, what author-
ity does this office have to collect
said tax?"

4. "Does the election of November 6,
1956, meet the requirements of
Section 8-a of the Rural Fire Pre-
vention Districts Act concerning
the inclusion of incorporated
cities, towns and villages located
in Johnson County so as to make said
incorporated cities, towns and villages
a part of said Rural Fire District and
property located therein subject to the
.03 cent tax?"

At the outset, we are confronted with the question whether the County Assessor-Collector of Taxes in Johnson County, has any authority to collect this tax. Nowhere in the Act as it finally passed is this authority conferred upon him; nor under the Act does the Board of Fire Commissioners, which constituted the governing board of the Fire Prevention District, have any power to confer this authority upon the Tax Assessor-Collector of Johnson County. There is nothing in the Act from which it might be reasonably inferred that the Tax Assessor-Collector of Johnson County has the authority to collect the tax. It is, therefore, apparent that if the Tax Assessor-Collector has the authority to collect this tax, we must find it elsewhere.

If the fire prevention tax is a county tax then under the constitutional and statutory authority conferred upon the Tax Assessor-Collector generally to collect county taxes this would be sufficient to support the collection of this tax by him. Therefore, the first question we must answer: Is this a county tax? If it is, the County Tax Assessor-Collector has this authority to collect this tax, otherwise not. We have reached the conclusion that it is not a county tax and not intended by the Legislature that it should be. We are led to this conclusion by the terms of Section 48-d of Article III of the Constitution which is the constitutional authority for the establishment and creation of Rural Fire Prevention Districts and the levy of the tax of .03 cents per One Hundred ($100.00) Dollars valuation on the ad valorem property situated in such district. This constitutional provision reads as follows:

> "The Legislature shall have the power to provide for the establishment and creation of rural fire prevention districts and to authorize a tax on the ad valorem property situated in said districts not to exceed Three (3¢) Cents on the One Hundred ($100.00) Dollars valuation for the support thereof; provided that no tax shall be levied in support of said districts until approved by vote of the people residing therein. (Emphasis added.)

It is observed that the taxes levied must be for the support of the district, and we think clearly it is intended that it be considered and treated as a district tax, as distinguished from a county tax.

Section 8 of the Act says in part as follows:

"The election to confirm the district or authorize the levy of the tax shall be submitted as a single proposition to the people residing therein who are qualified to vote." (Emphasis added.)

Section 8(a) is in part as follows:

"No district hereafter created shall include the area of any incorporated city, town, or village, unless a majority of the electors residing in the municipality and participating in the election called by the Commissioners' Court to confirm the district and levy the tax have voted in favor of both the creation of the district and the levy of the tax." (Emphasis added.)

Section 10 with reference to the authority of the district is in part as follows:

". . . to levy and enforce the collection of taxes in lands and other property within the district for the district revenues; to accept and receive donations; and to do any and all lawful acts required and expedient to carry out the purposes of this Act." (Emphasis added.)

Section 12 reads in part as follows:

". . . The Board of Fire Commissioners shall annually levy and cause to be assessed and collected a tax upon all properties, real and personal, situated within the district and subject to taxation in an amount not to exceed Three Cents (3¢) on the One Hundred Dollars ($100.00) valuation for the support of the district, and for the purposes authorized in this Act." (Emphasis added.)

Thus, it appears that throughout the Act emphasis is laid upon the creation and powers of the districts and the levy of the taxes in support of the districts.

It is, therefore, manifest that it was the intention of the Legislature to authorize the levy and assessment of this tax as a district tax solely for the benefit and support of the Fire Prevention District and is not a county tax. Any doubt in this regard is removed by the fact that Senate Bill No. 372 as originally introduced had the following provision in it:

> "Such tax levy shall be certified to the County Tax Assessor and Collector, who shall be the assessor-collector for the district. The tax rolls of the County shall be the tax rolls of the District."

This was eliminated by a Committee amendment in the Senate by the substitution of the following:

> "The values of property in the said district shall be the same values as shown on the County tax rolls."

(See Senate Journal, 55th Legislature, Regular Session, dated March 26, 1957, pages 598-599.) which, as will be observed, is the language of the bill as it finally passed and was approved.

The Legislature, therefore, took pains to make sure that the Tax Assessor-Collector had no authority to collect this tax and we think clearly manifested a legislative intent that the tax is not a county tax but strictly a district tax. It is of no importance that the boundaries of the district are coterminus with the boundaries of the county. It is still a Fire Prevention District.

The foregoing constitutes a sufficient answer to your question No. 1. Since we have held that the tax is not a county tax and not collectable by the County Tax Assessor-Collector, we find it unnecessary to answer questions Nos. 2 and 3 as they become moot in view of the fact that your questions and the answers you make are directed to and pertain to the duties of the Tax Assessor-Collector.

We do answer your fourth question, however, which is separate and apart from the authority of the County Tax Assessor-Collector to collect the taxes. We hold that the election of November 6, 1956, in view of the validating provisions of the Act pertaining to districts previously established is sufficient to meet the requirements of Section 8(a) concerning the inclusion of incorporated cities, towns and villages so as to make them a part of said Rural Fire District and the property therein is subject to the Three (3¢) Cent tax.

It is not to be inferred from this opinion that we hold that the governing board of the Rural Fire Prevention District may not set up its own tax assessing and collection system but refrain from any specific ruling thereon in this opinion.

## S U M M A R Y

The County Tax Assessor-Collector of Johnson County has no authority under Senate Bill No. 372 to assess or collect the Three (3¢) Cent tax on the One Hundred ($100.00) Dollar valuation of property located in a Fire Prevention District for the tax is not a county tax and nowhere in said bill is authority conferred upon the County Tax Assessor-Collector to assess or collect the tax. It is unnecessary to answer your questions Nos. 2 and 3 as they become moot in view of our answer to your question No. 1.

The election held November 6, 1956, in view of the validating provisions of the Act meets the requirements of Section 8(a) of the Rural Fire Prevention District concerning the inclusion of incorporated cities, towns, and villages located in Johnson County and the residents of said District and their property is subject to the tax provided for in the Act.

Very truly yours,

LPL:gs

WILL WILSON
Attorney General

APPROVED
OPINION COMMITTEE
George P. Blackburn, Chairman

John H. Minton

By L. P. Lollar

L. P. Lollar
Assistant

Marietta MacGregor Payne

B. H. Timmins, Jr.

Fred Werkenthin

REVIEWED FOR THE ATTORNEY GENERAL
BY:
    James N. Ludlum